IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-34985-H1-11 |
| | § | |
| PANGEA INDUSTRIES, INC. | § | |
| | § | |
| *Debtor(s)* | § | CHAPTER 11 |

**DEBTOR'S EMERGENCY MOTION FOR INTERM AND FINAL ORDER
APPROVING USE OF CASH COLLATERAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**.

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

> The relief requested is itemized beginning in paragraph 7 of this motion.  Debtor seeks entry of an interim order approving the use of cash collateral subject to a final hearing.

**COMES NOW** Pangea Industries, Inc., debtor, filing this Emergency Motion for Interim and Final Order Approving Use of Cash Collateral, and would respectfully show the Court as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to Title 28 U.S.C. § 157(b).

## VENUE

2. Venue is proper before this Court pursuant to Title 28 U.S.C. §§ 1408 and 1409.

## CONSTITUTIONAL AUTHORITY TO ENTER FINAL ORDER

3. The case of *Stern v. Marshall* set limitations on the ability of a bankruptcy court to enter final orders. See generally: *Stern v. Marshall*, 131 S. Ct. 2595 (2011). The issues in *Stern* were based on questions of state law and the resolution of the counterclaim in the case did not resolve the questions presented. Here, debtor is seeking relief pursuant to Fed. R. Bankr. P. 4001, Title 11 U.S.C. §§ 102, 105(a), 361, 363, 1108 and judicially created law interpreting these, and other, provisions. The relief sought in this case is based solely on the provisions of Title 11 United States Code, the Federal Rules of Bankruptcy Procedure, and the local rules for the Southern District of Texas. Therefore, the facts of this case are distinguishable from *Stern*, and this Court is authorized to enter a final order in this matter.[1] Further, to any extent deemed necessary, debtor consents to the entry of a final order. See: *Wellness Int'l Network LTD. v. Sharif*, 135 S. Ct. 1932, 1947 (2015).

## BACKGROUND

4. On September 2, 2019 debtor filed a petition seeking relief under Chapter 11 of Title 11 United States Code. Debtor continues to operate and oversee the daily affairs of the business and its property pursuant to Title 11 U.S.C. § 1108. Debtor filed this case to restructure its debt and pursue a chapter 11 plan of reorganization.

5. Debtor was formed as a corporation in the State of Texas and operates as a pipe manufacturer. Debtor acquired an existing business through the purchase of assets and real estate. However, following acquisition debtor began experiencing issues related downturns in the oil and gas industries, as well as those related to Hurricane Harvey which occurred 45 days after acquisition. Debtor became involved in disputes with certain creditors, including debtor's largest creditor (related to the sale and acquisition of the existing business). Debtor was further informed of existing tax liens after closing of the asset purchase. Debtor borrowed funds to help meet working capital needs but was unable to keep up with payments. As a result, debtor slowly began scaling back is operations.

6. Debtor has a viable business platform and intends to reorganize under chapter 11. This, when taken together with other operational changes and improvements will serve as the backdrop for a viable plan of reorganization. Such changes include marketing pushes, releasing any non-essential employees, a review of the current pricing and bid structures,

---

[1] Debtor does not believe *Stern v. Marshall* impacts in any way this Court's ability to issue an interim order.

reviewing current vendor pricing on goods and inventories, and a pushing for increased sales.

## RELIEF REQUESTED

7. A debtor in possession shall have, subject to certain limitations, all the rights and powers, and shall perform all the functions and duties of a trustee serving in a case filed under chapter 11. See Title 11 U.S.C. § 1107(a). Thus, unless this Court orders otherwise, the debtor in possession may operate the business. See Title 11 U.S.C. § 1108.

8. "If the business of the debtor is authorized to be operated under section 1108 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." See Title 11 U.S.C. § 363(c)(1).

9. However, Title 11 U.S.C. § 363(c)(2) strictly prohibits the debtor's continuing use of cash collateral absent consent from the entity having an interest in the cash collateral or, after notice and hearing, authorization from the court allowing the debtor's use of such cash collateral. See Title 11 U.S.C. §§ 363(c)(2)(A), (B).

10. Cash collateral is a term of art defined by Title 11 U.S.C. § 363(a) as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest…"

11. The collateral which secures the liens of Kings Cash Group ("Lenders") may include cash collateral within the meaning of Title 11 U.S.C. § 363(c)(2).

12. Debtor's operations generate accounts receivable as one if its main sources of income. Debtor acknowledges that Lenders may have liens on the cash collateral pursuant to Title 11 U.S.C. §§ 361 and 363. Debtor reserves the right to challenge the extent and priority of any of Lender's liens on debtor's cash collateral.

13. Debtor cannot operate without access to its cash and cash collateral. At the time of the filing of this motion no Lender has agreed to debtor's use of the same. Without access to cash and cash collateral debtor would be forced to cease operations, and Pangea Industries, Inc. would likely fail. Debtor will suffer immediate and irreparable harm if not authorized use of cash collateral. To the extent Lenders do not consent, this Court has authority to permit and authorize the use of cash collateral provided that each party is adequately protected.

14. When adequate protection is required under Title 11, such protection may be provided in a cash payment or periodic cash payments, by providing a replacement lien, or by the granting of such other relief as to provide the indubitable equivalent of the secured lenders interest in the property. See Title 11 U.S.C. §§ 361(1), (2), and (3).

15. In the case at bar adequate protection is provided to Lenders by granting Lenders a replacement lien on the accounts receivables of the debtor as is expressly contemplated by Title 11 U.S.C. § 361(2) when the liens are diminished by debtor's use of such collateral. Further, debtor intends to propose a plan in which the Lenders are scheduled to receive periodic cash payments beginning on the effective date of the plan, with interest accruing at a *Till* rate. Debtor will further propose to make pre-confirmation adequate protection payments to Lender.

16. Debtor retained cash reserves and bank account balances totaling $0.00 at the time of the filing, and immediate outstanding receivables of approximately $35,000.00. Debtor needs use of cash reserves, bank account balances, and receivables to pay expenses incurred in the ordinary course of business. Attached as Exhibit 1 is a list of anticipated receipts and expenses that must be paid in the ordinary course of business in order to avoid immediate and irreparable harm.

17. Debtor requests that this Court consider this matter on an emergency basis with or without a hearing and enter an interim order authorizing the use of cash collateral. There are expenses that must be paid prior to the expiration of the notice periods set forth in Fed. R. Bankr. P. 4001(b)(2). If not paid, debtor will suffer immediate and irreparable harm.

18. Counsel for debtor certifies that contemporaneously with the filing of this motion counsel faxed or emailed each of the Lenders notice of the bankruptcy and a file-stamped copy of this motion.

19. Debtor requests, after entry of an interim order, that this Court schedule a final hearing at which time the debtor will request entry of a final order authorizing the long-term use of cash collateral.

   **WHEREFORE**, debtor prays that this Court:

   a. Enter a preliminary order, with or without a hearing, authorizing the use of cash collateral allowing debtor to pay the expenses shown on Exhibit 1;

   b. Set an emergency preliminary hearing regarding the use of cash collateral if deemed necessary by this Court;

   c. Set a final hearing after the expiration of the time set forth in Fed. R. Bankr. P. 4001(b)(2);

   d. Grant the debtor any and all such further relief that this Court deems just.

**Respectfully Submitted,**

MICHAEL HARDWICK LAW, PLLC

/s/ Michael L. Hardwick
Michael L. Hardwick
State Bar No. 24088745
2200 North Loop West, Suite 116
Houston, Texas 77018
(832) 930-9090 – Telephone
(832) 930-9091 – Facsimile
michael@michaelhardwicklaw.com
Proposed Attorney for Debtor

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 10th day of September 2019 a true and correct copy of the above and foregoing Debtors' Emergency Motion for Interim and Final Order Authorizing the Use of Cash Collateral was served upon the debtor, the United States Trustee, all parties requesting notice, and all parties listed on the attached mailing matrix via electronic mail, United States First Class Mail, or facsimile notice.

                          **/s/ Michael L. Hardwick**
                          **Michael L. Hardwick**

| | |
|---|---|
| United States Trustee<br>c/o Steven Statham<br>515 Rusk, Room 3516<br>Houston, TX 77002 | *via CM/ECF electronic notice* |
| Kings Cash Group LLC<br>CashCrunch<br>30 Broad St 12th Floor<br>New York, NY 10004 | *via email notice:*<br>customerservice@kalamatacapitalgroup.com |
| Kings Cash Group LLC<br>c/o Freedmean & Price PC<br>1102 West Ave, Ste 200<br>Austin, TX 78701 | *via facsimile notice: (512) 687-0795* |